**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION  07-0182-WS |
| ) | |
| CLINTON LEMONT PETTAWAY, ) | |

**ORDER**

This matter is before the Court on the defendant's motion for judgment of acquittal and, in the alternative, motion for new trial. (Doc. 35). After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motions are due to be denied.

**I.  Motion for Judgment of Acquittal.**

A motion for judgment of acquittal may be granted only if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).  In making this determination, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006) (emphasis in original) (internal quotes omitted). Viewing the evidence in the light most favorable to the prosecution requires the Court to "resolve any conflicts in the evidence in favor of the government," *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999), and to "dra[w] all reasonable inferences and credibility choices in the Government's favor." *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007).

The defendant argues that the evidence was insufficient to allow the jury to find beyond a reasonable doubt that he possessed the crack cocaine found in his jacket pocket with the specific intent to distribute the crack. (Doc. 35 at 4-5). He bases this argument on the following points: (1) the amount of crack involved (13.74 grams); and (2) the

absence of eyewitness testimony that he was distributing drugs on the night in question. (*Id.*).

Were the government's evidence as limited as the defendant suggests, the sufficiency of the evidence of an intent to distribute might well be in question. *See, e.g., Turner v. United States*, 396 U.S. 398, 422-23 (1970) (possession of 14.68 grams of a mixture of crack and sugar "does not so surely demonstrate that [the defendant] was in the process of distributing this drug"). The government's evidence, however, also included: (1) expert testimony that the cocaine — which was found in multiple bags varying in weight and street value — was packaged in a manner consistent with distribution; and (2) evidence that the defendant has previously engaged in the distribution of crack.

The defendant offers no challenge to the expert's testimony, and the Eleventh Circuit has often found similar packaging to be significant in establishing a defendant's intent to distribute. *See, e.g., United States v. Chisholm*, 2008 WL 624028 at *2 (11th Cir. 2008); *United States v. Hanna*, 2008 WL 161422 at *3 (11th Cir. 2008); *United States v. Kendle*, 190 Fed. Appx. 909, 917 (11th Cir. 2006). The evidence of the defendant's past crack distribution makes plain that a rational trier of fact could have found beyond a reasonable doubt that he intended to distribute the crack.

**III.  Motion for New Trial.**

A motion for new trial may be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision whether to grant or deny such a motion rests in the sound discretion of the trial court. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).

The defendant first argues that the verdict was against the weight of the evidence. (Doc. 35 at 6). To furnish grounds for granting a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985).

"Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really exceptional cases." *Id.* (internal quotes omitted). A lower court is not at liberty to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id.* at 1312-13. Given this standard, and the evidence recited in Part I, a new trial would be inappropriate, and the Court declines to order one.

The defendant also argues that a new trial should be ordered because the Court erroneously allowed the government to introduce evidence that, in January 2003, the defendant attempted to sell several pieces of crack to an undercover officer at a local hotel, was arrested with two grams of crack on his person, and a pistol was thereupon found in the car in which he arrived. The defendant argues that this evidence was inadmissible under Rule 404(b) because it does not meet the requirements for introduction as part of the res gestae. (Doc. 35 at 6-10).

The threshold difficulty with the defendant's argument is that the government did not invoke res gestae to justify its introduction of the evidence. Instead, it was introduced to establish the defendant's intent to distribute the crack and to knowingly possess a firearm, purposes consistent with Rule 404(b). *See id.* (permitting evidence of other crimes to prove, inter alia, intent or absence of mistake).

In order for the government's evidence to be admissible, three requirements must be met: (1) the evidence must be relevant to some issue other than character; (2) there must be sufficient evidence for the jury to find the extrinsic act was committed; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005).

"In every conspiracy case, ... a not guilty plea renders the defendant's intent a material issue unless [the defendant] affirmatively take[s] the issue of intent out of the case." *Matthews*, 431 F.3d at 1311 (internal quotes omitted). Contrary to the defendant's suggestion, (Doc. 35 at 9), the same rule applies to substantive offenses. *See*

*United States v. Moore*, 174 Fed. Appx. 540, 544 (11th Cir. 2006) (because knowing possession is an element of an offense under 18 U.S.C. § 922(g),the defendant's not guilty plea placed this mens rea requirement at issue and satisfied the first element of *Matthews*) (citing *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005) (same)). The defendant's not guilty plea thus made intent (drug count) and knowing possession (gun count) at issue, and the defendant does not assert that he somehow affirmatively removed his mental state from the case.

Given that the defendant's mental state was at issue, "[e]vidence of prior drug dealings is highly probative of intent to distribute a controlled substance ...." *United States v. Cardenas*, 895 F.3d 1338, 1344 (11th Cir. 1990) (internal quotes omitted). Moreover, "where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007). The intent to distribute was the same for both the charged and extrinsic offense, and the knowing possession of a firearm was the same for both. *See also Taylor*, 417 F.3d at 1182 (knowing possession was an element of charged and extrinsic offense). The first element of *Matthews* is satisfied.

The defendant makes no suggestion that there was insufficient evidence from which the jury could find that the January 2003 conduct occurred, and the evidence was plainly adequate to do so.[1] The second element of *Matthews* is satisfied.

"Factors to be considered in assessing whether the probative value of the evidence is substantially outweighed by its unduly prejudicial impact include the strength of the government's case on the issue of intent, the overall similarity of the extrinsic and charged offenses, the amount of time separating the extrinsic and charged offenses and whether it appeared at the commencement of trial that the defendant would contest the issue of intent." *United States v. Brown*, 227 Fed. Appx. 795, 800 (11th Cir. 2007)

---

[1] A prior conviction is not necessary. *See Matthews*, 431 F.3d at 1305-06, 1310 (officers testified as to the defendant's previous arrest).

-4-

(internal quotes omitted).

"[T]he greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice." *United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995).  The packaging of the crack was probative of intent, but it left the government in substantial need of further evidence of intent.  The defendant's insistence that the evidence was not sufficient to support a conviction underscores the point.  The government's evidence was stronger with respect to knowing possession of the firearm but, because it was not found on the defendant's person, the government had need of additional evidence.[2]  The first *Brown* factor favors the government.

"[V]irtually any prior drug offense [i]s probative of the intent to engage in a drug conspiracy ...," sufficient to outweigh any prejudice.  *Matthews*, 431 F.3d at 1311.  There are of course factual differences here, but what matters is the degree of similarity in "overall purpose —  trafficking in cocaine," which renders the extrinsic evidence "highly probative."  *Delgado*, 56 F.3d at 1366 (internal quotes omitted).  Both incidents involve possession of crack with the intent to distribute, and both incidents involve the knowing possession of a firearm not found on the defendant's person.  The defendant complains that the two incidents are not factually identical,[3] but they need not be, and their similar overall purpose supports admissibility.  The second *Brown* factor favors the government.

The time gap here is just over three years. The Eleventh Circuit has upheld the introduction of 404(b) evidence of intent with gaps of three years, *United States v. Butler*,

---

[2]*See Taylor*, 417 F.3d at 1178, 1182 (where the arresting officer observed the defendant drop a black object as he ran, and the arresting officer promptly recovered from that location a black firearm that appeared clean and did not appear to have been on the ground for long, the trial court did not abuse its discretion in allowing evidence of a prior conviction as a felon in possession to bolster the government's evidence of knowing possession).

[3]The defendant would require, inter alia, that the same weapon be involved in both incidents and that the amount of crack involved be the same.  (Doc. 35 at 9-10).

102 F.3d 1191, 1195-96 (11th Cir. 1997); eight years, *Matthews*, 431 F.3d at 1311-12; and fifteen years. *United States v. Lampley*, 68 F.3d 1296, 1300 (11th C ir. 1995). The third *Brown* factor, if it does not favor the government, is at best neutral.

As noted, the defendant's plea of not guilty placed his mental state at issue, and he did nothing to affirmatively remove it from the case. The fourth *Brown* factor favors the government.

### III. Conclusion.

For the reasons set forth above, the defendant's motion for judgment of acquittal and motion for new trial are **denied**.

DONE and ORDERED this 17th day of April, 2008.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE